UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DIEGO ARMANDO SILVA VILLICANA (A# 207-277-922), | No.  1:26-cv-2509 DC SCR |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| WARDEN, | |
| Respondent. | |

Petitioner is a federal immigration detainee proceeding through appointed counsel with a habeas corpus action pursuant to 28 U.S.C. § 2241.  The matter was referred to the undersigned by operation of 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**FACTUAL AND PROCEDURAL HISTORY**

**I.      Original § 2241 Petition**

Petitioner, a citizen and native of Mexico proceeding pro se at the time, filed a form § 2241 petition on April 2, 2026, challenging his detention—which at the time had lasted nine months—under the Due Process Clause of the Fifth Amendment.  ECF No. 1.  Petitioner also alleged that he has not received proper care for his Type II Diabetes and high blood pressure.  Id. at 6-7.  Respondent countered that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(B)(ii) and submitted evidence of Petitioner's criminal history and an immigration

1

judge's ("IJ") January 7, 2026, order determining that the government had met its burden as to Petitioner's danger and flight risk. ECF No. 6. Due to the complexity of the legal issues involved, the undersigned granted Petitioner's motion to appoint counsel and directed the Parties "to brief whether [his] detention violates his substantive due process rights using the five-factor test described in Doe v. Chestnut, 810 F.Supp.3d 1169 (E.D. Cal. 2025)" in addition to the other issues they wish to present. ECF No. 8.

## II.      First Amended § 2241 Petition

Petitioner, through appointed counsel, filed his first amended petition for writ of habeas corpus on May 12, 2026, naming Christopher Chestnut, the Warden of the California City Correctional Center, and several other government officials as Respondents. ECF No. 11. Petitioner states that his parents brought him to the United States in November 1989 when he was three months old. They entered the country without inspection. Id. at 4, ¶ 1. Petitioner has lived in the United States continuously for thirty-six years. Id., ¶ 2. Petitioner is married to a U.S. citizen whose serious medical conditions are exacerbated by his detention. Id., ¶ 4. Petitioner has two misdemeanor convictions: a 2019 embezzlement conviction under California Penal Code § 503, involving less than $10,000, for which he received no jail time and one year of probation; and (2) a 2024 DUI conviction under California Veh. Code § 23152(b), for which he was sentenced to 35 days in jail. Id. at 5, ¶ 6; ECF No. 6 at 26-27 (FBI "Rap Sheet").

Immigrations and Customs Enforcement ("ICE") officers arrested Petitioner on or about June 27, 2025, following his arrest by Ventura County Sheriff's Department officials for obstruction of a peace officer under California Penal Code § 148(a), and administratively charged him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) (noncitizen present without admission or parole). ECF No. 11 at 5, ¶ 6; ECF No. 6 at 18-19 (Form I-213). On July 23, 2025, after Petitioner requested a custody re-determination hearing pursuant 8 C.F.R. § 1236.1, an IJ determined Petitioner was an "applicant for admission" subject to 8 U.S.C. § 1225(b)(2) and denied his request for custody re-determination for lack of jurisdiction. ECF No. 6 at 36-37. On January 7, 2026, Petitioner received a custody re-determination hearing before an IJ on the merits, apparently pursuant to the December 18, 2025, final judgment in the class action lawsuit

Maldonado Bautista v. Santacruz, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), judgment entered sub nom. Maldonado Bautista v. Noem, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).[1]  The IJ denied bond, writing that "[t]he Department [of Homeland Security] met its burden to establish that Respondent is a danger and such a substantial flight risk that bond should be denied."  Id. at 38-39; ECF No. 11 at 5, ¶ 10.  Following the bond denial, Petitioner was transferred from the Adelanto ICE Processing Center to the California City Correction Center, within this judicial district.  ECF No. 11 at 5, ¶ 11.

Petitioner raises two claims for relief in his amended petition.  The first, "Violation of the Immigration and Nationality Act — Maldonado Bautista Class Membership," asserts that Petitioner is subject to 8 U.S.C. § 1226(a) by virtue of his class membership and entitled to its procedural safeguards.  "By refusing to provide Mr. Silva Villicana with a bond hearing under § 1226(a), Respondents are violating the INA, the [Maldonado Bautista] declaratory judgment, and Mr. Silva Villicana's statutory rights."  ECF No. 11 at 7-10.  The second, "Violation of the Due Process Clause — Substantive Due Process," applies the factors from Doe v. Chestnut to assert that Petitioner's prolonged detention "no longer meaningfully [the government's] asserted regulatory purposes."  Id. at 10-13; ECF No. 12.  By way of relief, Petitioner seeks immediate release, or, in the alternative, "a bond hearing under 8 U.S.C. § 1226(a) within seven (7) days, at which the government bears the burden of justifying Petitioner's continued detention by clear and convincing evidence[.]"  Id. at 13.  Petitioner also seeks a declaration that he is a member of the Maldonado Bautista "Bond Eligible Class" and entitled to a bond hearing under 8 U.S.C. § 1226(a).  Id.

In their response to the amended petition, Respondents now maintain that Petitioner is a member of the Maldonado Bautista "Bond Eligible Class," as he was detained within the Central District at the time of class certification, and entitled to a bond hearing under 8 U.S.C. § 1226(a).

---

[1]  In Maldonado Bautista, the district court issued a declaratory judgment that § 1226(a) governed the detention of the certified "Bond Eligible Class" of noncitizens defined as: "All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time [DHS] makes an initial custody determination."  Maldonado Bautista, 813 F. Supp. 3d at 1127.

3

ECF No. 15 at 2.  However, Respondents argue that Petitioner is required to exhaust administrative remedies through a custody re-determination request under 8 C.F.R. § 1003.19,[2] and that there is no evidence that Petitioner has made such a request or that EOIR rejected it: "The only reason Petitioner hasn't received a bond hearing is because he hasn't requested one." Id. at 3.  Further, applying the factors of Mathews v. Eldridge, 424 U.S. 319 (1976) applicable to procedural due process, Respondents argue that Petitioner's § 1226(a) detention is constitutional on its face and as applied.  Id. at 5-6 (citing Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022)).

In his traverse/reply, Petitioner argues that the government's consistent position since his initial detention that he is subject to mandatory detention under § 1225(b) renders exhaustion futile: "The government cannot spend months arguing that a detainee has no right to a bond hearing, abandon that position, and then fault the detainee for not requesting additional hearings during the very period the government said he had no right to one."  ECF No. 16 at 2.  Petitioner acknowledges he received a § 1226(a) hearing on the merits in January 2026, but claims it was over the government's assertion that "was mandatorily detained under § 1225(b), a position under which no bond hearing was available as a matter of law."  Id.  Petitioner further urges the Court to treat Respondents' failure to brief the Doe v. Chestnut factors as a non-opposition to her substantive due process claim.  Id. at 3-4.  Petitioner also alerted the Court that Petitioner received an order of removal on May 15, 2026, and timely appealed to the Board of Immigration Appeals (BIA") on June 5, 2026.  Id. at 5-6; ECF No. 17.

## LEGAL STANDARDS

### I.    Administrative Exhaustion

"The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citing Singh v. Holder, 638 F.3d 1196,

---

[2]  Under 8 C.F.R. § 1003.19, a noncitizen may "seek an additional bond hearing before an IJ whenever they experience a material change in circumstances warranting a redetermination of custody status."  Rodriguez Diaz v. Garland, 53 F.4th 1189, 1195 (9th Cir. 2022) (quoting 8 C.F.R. § 1003.19(e)).  A noncitizen may request such a hearing "any time before a removal order becomes final" and "may be represented by counsel and can submit evidence in support of his claims."  Id. at 1197 (citing, inter alia, 8 C.F.R. § 1003.19(b)).

1203 n.3 (9th Cir. 2011)).  "Courts may require prudential exhaustion if '(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.'" Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (quoting Noriega-Lopez v. Ashcroft, 335 F.3d 874, 881 (9th Cir. 2003)).

"If a petitioner fails to exhaust prudentially required administrative remedies, then 'a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies,'" unless exhaustion is excused. Hernandez, 872 F.3d at 988 (citing Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011)). The exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004).

**DISCUSSION**

### I.    Statutory INA Claim

The amended petition's reliance on the Maldonado Bautista declaratory judgment for statutory relief is misplaced.  On March 31, 2026, the Ninth Circuit granted the government's motion to stay the district court's December 18, 2025, class certification and final judgment pending appeal, but kept the judgment in place only "as to the Central District of California." Bautista, et al. v. U.S. Dep't Homeland Security, et al., Case No. 26-1044, ECF No. 17 (9th Cir. Mar. 31, 2026).  As that stay is still in place,[3] this Court has no authority to award relief pursuant to the declaratory judgment.

Still, "[w]hile petitioner frames this claim in reference to Maldonado Bautista . . . when reduced to its simplest form, this is simply a claim that Respondents lack statutory authority to

_____

[3] The undersigned takes judicial notice of the Ninth Circuit Docket (Case No. 26-1044). Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (a court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

5

detain petitioner without a bond hearing." J.S. v. Wofford, No. 1:25-CV-02016 DC SCR, 2026 WL 125258, at *5 (E.D. Cal. Jan. 16, 2026), report and recommendation adopted, No. 1:25-CV-02016 DC SCR (HC), 2026 WL 297304 (E.D. Cal. Feb. 4, 2026).  As a matter of statutory interpretation, the undersigned agrees with the majority view that Petitioner, a noncitizen who entered the United States without inspection as an infant and has continuously remained for thirty-six years, is detained under 8 U.S.C. § 1226(a):

> Respondents' argument that section 1225 applies to all noncitizens who entered the United States without inspection has been consistently rejected by a majority of courts in this district and courts across the country. See Valencia Zapata v. Kaiser, No. 25-cv-07492-RFL, 2025 WL 2741654, at *10 (N.D. Cal. Sep. 26, 2025) (citing Salcedo Aceros, 2025 WL 2637503, at *8) (collecting cases). Instead, those courts have generally held that section 1226 rather than section 1225 is the appropriate section to apply in cases in which a noncitizen is already living in the United States. See Morillo v. Albarran, No. 25-cv-01533-DJC-AC, 2025 WL 3190899, at *4 (E.D. Cal. Nov. 15, 2025) ("As Petitioner has been present in the United States for 19 years ... he is likely to succeed on the merits of his claim that he is unlawfully detained under Section 1225(b)(2)'s mandatory detention provision."); Huerta v. Bondi, No. 25-cv-00941-JLT-HBK, 2026 WL 366709, at *1 (E.D. Cal. Feb. 10, 2026) (holding that the petitioner, who "entered the United States without inspection and has been residing continuously here for more than 20 years without any contact with immigration authorities ... is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A)"); J.A.C.P. v. Wofford, No. 25-cv-01354-KES-SKO, 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025) (same as to petitioner who had resided in United States for four years before detention); Bernardo Aquino v. Larose, No. 25-cv-02904-RSH-MMP, 2025 WL 3158676, at *3 (S.D. Cal. Nov. 12, 2025) ("The overwhelming majority of courts to address the issue have agreed that Section 1226(a), rather than the mandatory detention provision of Section 1225(b)(2)(A), applies to a noncitizen ... who has resided in the United States for many years.") (citing cases).

Maciel v. Noem, No. 1:26-CV-01318-DC-CKD (HC), 2026 WL 496948, at *4 (E.D. Cal. Feb. 23, 2026).  Although Petitioner was ordered removed on May 15, 2026, he remains subject to § 1226(a) because his removal order is pending appeal to the BIA and not administratively final. See 8 U.S.C. § 1231(a)(1)(B)(i).  Accordingly, Petitioner is detained under § 1226(a) and entitled to its procedural protections.

Turning to exhaustion, after arguing Petitioner was detained under § 1225(b)(1) in the

original answer, Respondents now acknowledge Petitioner is subject to § 1226(a)—not as a matter of statutory interpretation, but because he received a § 1226(a) hearing on January 7, 2026, pursuant to Maldonado Bautista while detained within the Central District.[4]  ECF No. 15 at 2. Respondents assume that the Immigration Court will honor Petitioner's prior class membership notwithstanding Petitioner's subsequent transfer to an immigration detention facility within this judicial district because "[a]t the time of [class] certification, [he] was detained within the Central District of California."  ECF No. 15 at 2.  They provide no assurances this will occur and in fact disavow any "authority to provide Petitioner with a bond hearing."  ECF No. 15 at 3.

It would make sound policy for EOIR to honor Petitioner's class membership, as any other course might incentivize ICE to transfer noncitizens out of detention facilities within the Central District to avoid convening bond hearings.  But based on the Ninth Circuit's intervening stay order limiting enforcement of the Maldonado Bautista judgment to the Central District, as well as the absence of any authorities or assurances provided by Respondents that an IJ would honor Petitioner's § 1226(a) status while he is detained at the California City Correctional Center within this judicial district, it is not clear that an IJ would or could afford Petitioner that relief. Accordingly, the undersigned finds that exhaustion through a rehearing request under 8 C.F.R. § 1003.19 or any other § 1226(a) procedure would be a futile gesture.  See Laing, 370 F.3d at 1000. The Parties' lack of agreement on Petitioner's § 1226(a) status as a matter of statutory right (i.e., separate from class membership) also materially distinguishes this case from others where the undersigned required petitioners to exhaust § 1226(a)'s procedures.  See, e.g., Escobedo Martinez v. Knight, et al., No. 1:26-CV-03719 DAD SCR, 2026 WL 1662714, at *4 (E.D. Cal. June 9, 2026) (recommending dismissal of petition where the parties agreed the petitioner was a § 1227(a) visa overstay subject to § 1226(a) detention and the petitioner failed to exhaust via a

---

[4]  Petitioner for his part neither explains how he came to receive a bond hearing in January 2026 nor reconciles that bond hearing with his allegations that Respondents "have refused to provide [him] with a bond hearing under 8 U.S.C. § 1226(a)."  ECF No. 11 at 6, ¶ 16, 10, ¶ 31.  Still, the undersigned finds it was reasonable for Petitioner seek statutory relief under § 1226(a) in the amended petition given Respondents' argument in the original answer that he was subject to § 1225(b)(1) and their implicit assertion in the amended answer that an Immigration Court within this judicial district can provide him with a bond hearing pursuant to Maldonado Bautista.

bond request under 8 C.F.R. § 1003.19).

Having found that Petitioner is detained under § 1226(a) and exhaustion of its procedures would be futile, the undersigned recommends that Petitioner's § 2241 petition be granted on his INA claim (Count 1). Petitioner has already received a § 1226(a) hearing, but his ability to pursue § 1226(a)'s procedures going forward absent judicial intervention is uncertain at best. The undersigned finds that the appropriate remedy is not release or an order directing Respondents to convene a bond hearing, but Petitioner's request for a declaration that he is subject to § 1226(a).[5] ECF No. 11 at 13-14, ¶ 4. "In a case of actual controversy within its jurisdiction . . . [a court] may declare the rights and other legal relations of any interested party seeking such declaration[.]" 28 U.S.C. § 2201; see also Societe de Conditionnement en Aluminium v. Hunter Eng'g Co., 655 F.2d 938, 942 (9th Cir. 1981) (declaratory judgment is appropriate where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy") (citation omitted). The declaratory judgment should reflect that petitioner is detained under 8 U.S.C. § 1226(a) and entitled to the protections of that statute and its implementing regulations, including the right to request bond re-determination upon a showing of materially changed circumstances under 8 C.F.R. § 1003.19(e).

Finally, having recommended relief on Petitioner's INA claim, "it is not necessary to reach the constitutional question presented." Anchustegui v. Dep't of Agric., 257 F.3d 1124, 1129 (9th Cir. 2001). Without reaching the merits, the undersigned recognizes that Respondents have not opposed Petitioner's extensive substantive due process arguments. However, the undersigned generally agrees with Respondents that because Petitioner has received a § 1226(a) hearing, his due process challenge is likely barred by Rodriguez Diaz, 53 F.4th at 1213. The

---

[5] Declaratory and injunctive relief are proper habeas remedies. See Ortega v. Bonnar, 415 F. Supp.3d 963, 967–68 (N.D. Cal. 2019) (enjoining ICE from re-arresting petitioner without a bond hearing); Perera v. Jennings, 598 F. Supp. 3d 736, 747 (N.D. Cal. 2022), and Pham v. Becerra, 717 F. Supp. 3d 877, 884 (N.D. Cal. 2024) (same); see also 28 U.S.C. § 2243 ("The court shall . . . dispose of the matter as law and justice require."); Carafas v. LaVallee, 391 U.S. 234, 239 (1968) ("[T]he statute does not limit the relief that may be granted to discharge of the applicant from physical custody. Its mandate is broad with respect to the relief that may be granted.").

8

substantive due process framework is best suited to mandatory detention schemes that, unlike § 1226(a), lack meaningful procedural protections as detention becomes prolonged.  See Doe v. Becerra, 732 F. Supp. 3d 1071, 1079 (N.D. Cal. 2024) (mandatory detention "violates [substantive] due process if it becomes punitive and the detainee has not been accorded the full constitutional protections required before such punishment may be imposed").[6]

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1.      Petitioner Diego Armando Silva Villicana's (A# 207-277-922) application for a writ of habeas corpus (ECF No. 1) be GRANTED as to Count 1 (Violation of INA) as follows: Petitioner's request for declaratory relief (ECF No. 11 at 13-14, ¶ 4) be GRANTED and a declaratory judgment issue that petitioner is subject to the discretionary detention scheme in 8 U.S.C. § 1226(a) and eligible to invoke the procedural protections in that statute and its implementing regulations, including the right to request a subsequent bond redetermination upon a showing of changed circumstances pursuant to 8 C.F.R. § 1003.19(e).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties

////

////

---

[6] The undersigned also encouraged Petitioner to brief substantive due process based on the original petition's allegations of inadequate diabetes care.  See Doe v. Chestnut, 810 F. Supp. 3d 1169, 1184 (E.D. Cal. 2025) ("Because not all forms of detention are equivalent, whether the duration is excessive relative to its purposes also depends in part on how harsh the conditions are." (quoting Doe, 732 F. Supp. 3d at 1083)).  Petitioner did not submit medical records or otherwise meaningfully development these allegations in the amended petition.

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 23, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE