UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIEGO ARMANDO SILVA VILLICANA (A# 207-277-922),

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY CORRECTIONAL CENTER, et al.,

Respondents.

No. 1:26-cv-02509-DC-SCR (HC)

ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS

(Doc. No. 18)

Petitioner is a federal immigration detainee who filed this amended habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. No. 11.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 24, 2026, the magistrate judge filed findings and recommendations. (Doc. No. 18.) The magistrate judge found that Petitioner is detained under 8 U.S.C. § 1226(a) rather than 8 U.S.C. § 1225(b), and recommended that Petitioner's petition be granted on Count One and that declaratory judgment be ordered as to the same. (*Id.*) The findings and recommendations were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (*Id.*) Neither party filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this

court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court adopts the finding that Petitioner is subject to discretionary detention under 8 U.S.C. § 1226(a) and declines to adopt the remaining findings and recommendations.

Petitioner has lived in the United States since he was three months old. (Doc. No. 1 at 6.) During the nearly four decades that Petitioner has lived in the United States, he has filed numerous immigration petitions with the Department of Homeland Security through the United States Citizenship and Immigration Services. (*Id.* at 6–7; Doc. No. 6 at 19.) In June 2025, Petitioner was detained by immigration authorities without prior notice or a pre-deprivation bond hearing when Petitioner was released from local custody following charges for driving under the influence and obstruction. (Doc. No. 6 at 19, 27.) In July 2025, Petitioner requested a custody redetermination hearing and the immigration judge denied bond for lack of jurisdiction. (*Id.* at 3.) In January 2026, Petitioner was denied bond at his first substantive bond hearing. (*Id.* at 4.) In April 2026, Respondents repeatedly asserted that Petitioner was mandatorily detained under 8 U.S.C. § 1225(b), not 8 U.S.C. § 1226(a), and thus that Petitioner was entitled to no relief. (Doc. No. 6.) Yet, six weeks later, and without explaining the discrepancy, Respondents asserted that Petitioner is detained under 8 U.S.C. § 1226(a) and thus is not entitled to relief because he failed to exhaust his administrative remedies under that statute. (Doc. No. 15.)

This court has repeatedly found that the government violates the Immigration and Nationality Act by subjecting a noncitizen to mandatory detention under 8 U.S.C. § 1225(b) when the noncitizen was only subject to discretionary detention under 8 U.S.C. § 1226(a). *Alvarez Maciel v. Noem*, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026); *Barajas Ortiz v. Chestnut*, No. 1:26-cv-01167-DC-SCR, 2026 WL 508419 (E.D. Cal. Feb. 24, 2026); *Zuniga Cruz v. Noem*, No. 1:26-cv-01818-DC-EFB, 2026 WL 890471 (E.D. Cal. Mar. 31, 2026). Although Respondents eventually acknowledged that Petitioner was subject to detention under 8 U.S.C. § 1226(a) and therefore entitled to the statutory protections provided under that statute, they did not do so until nearly a year after revoking Petitioner's liberty. (*See* Doc. No. 15.) In accordance with this court's previous decisions in analogous situations, the undersigned will grant the petition for a writ of habeas corpus (Doc. No. 1) and order that

Petitioner be released immediately. *See, e.g.*, *Zuniga Cruz*, 2026 WL 890471 (granting injunctive relief on statutory grounds and ordering immediate release for noncitizen who was improperly detained under 8 U.S.C. § 1225(b) and thus not provided with the process he was entitled to under 8 U.S.C. § 1226(a) at the outset of his detention); *Brito v. U.S. Immigr. and Customs Enf't*, No. 1:26-cv-07869-DC-CSK, 2026 WL 3120979, at *4 (E.D. Cal. Oct. 19, 2026) (ordering immediate release of the petitioner and rejecting the government's argument that the petitioner received all the process entitled to him under § 1226(a) where the record showed that the petitioner was erroneously subjected to mandatory detention without the chance to advocate for his release on bond for the first five months of his detention).

Accordingly,

1. The findings and recommendations filed June 24, 2026 (Doc. No. 18), are ADOPTED IN PART;
2. The amended petition for a writ of habeas corpus (Doc. No. 11) is GRANTED on Count One,[1] as follows:
    a. Petitioner Diego Armando Silva Villicana (A-207-277-922) shall be RELEASED IMMEDIATELY from Respondents' custody. Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;
    b. Respondents shall RETURN all of Petitioner's documents and possessions (e.g., identification, passport, work permit, Social Security card, etc.) upon his release from custody;

[1] Because the court is granting the petition on statutory grounds (Doc. No. 11 at 7–10), the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, No. 3:25-cv-02405-RBM-AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release").

c. Within three (3) days from the date of entry of this order, Respondents shall FILE a notice of compliance with this court confirming that Petitioner has been released in accordance with the above;

d. If the government seeks to re-detain Petitioner, they shall provide him with a bond hearing pursuant to 8 C.F.R. 1236.1(c)(8) at which Petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety; and

e. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 21, 2026**

Dena Coggins
United States District Judge